U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JAN 11 2013

TONY R. MO___ ___RK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

JEWELL WAGNER

versus

CIVIL ACTION NO. 11-1560
JUDGE TOM STAGG

VOLVO CONSTRUCTION EQUIPMENT
RENTS, INC., STEPHEN PONDER,
LIBERTY MUTUAL INSURANCE
COMPANY and THE KANSAS
CITY SOUTHERN RAILWAY COMPANY

---

## MEMORANDUM RULING

Before the court is a motion in limine filed by the defendants, Volvo Construction Equipment Rents, Inc., Liberty Mutual Insurance Company, and Stephen Ponder (collectively referred to as "Volvo"). See Record Document 52. Volvo seeks to exclude the evidence of state criminal insurance fraud charges brought against Stephen Ponder, Volvo's employee who is likely to testify at trial. For the reasons set forth below, Volvo's motion in limine is **GRANTED**.

## I. BACKGROUND

This case arises from an accident in which Stephen Ponder ("Ponder") lost control of his truck, exited the highway and came to rest on a nearby railroad owned

and operated by the Kansas City Southern Railway Company ("KCS"). Moments later, a KCS train collided with the truck.

Volvo intends to call Ponder at trial to testify that his truck initially left the highway due to the erratic driving of an unknown red pickup truck. Plaintiff, Jewell Wagner ("Wagner"), and co-defendant KCS seek to impeach Ponder's testimony by introducing evidence that Ponder was arrested and charged with insurance fraud, a felony under Louisiana law, in 2010. See La. R. S. 22:1923 and 22:1924(A). In support of its motion, Volvo attaches a certified copy of the minutes the from the Louisiana Twenty-Sixth Judicial District Court, which shows that on January 19, 2010, Ponder was received deferred adjudication, <u>not</u> a judgment of conviction. See Record Document 52 at Ex. A. In opposition, KCS and Wagner point to Ponder's deposition testimony where Ponder stated he did in fact plead guilty to the charges. See Record Document 61 at Ex. 1.

Volvo argues that evidence of Ponder's charge and deferred adjudication is inadmissible under Federal Rule of Evidence 609(a) because he was not "convicted."[1]

---

[1] Federal Rule of Evidence 609(a) provides:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

Both KCS and Wagner oppose the motion on the ground that Ponder's admission is sufficient proof that he was in fact convicted. KCS also argues that the arrest and charge are admissible under Rule 608(b), regardless of whether Ponder was convicted, because such evidence concerns "the witness' character for truthfulness or untruthfulness," and truthfulness is a critical issues here because Ponder claims a "red pickup truck" caused the initial accident.

## II. ANALYSIS

At the outset, the court finds that Ponder was not convicted of the crime of insurance fraud, as evidenced by the certified state court records. See Record Document 52 at Ex. A. Ponder's deposition testimony that he was convicted does not change this fact. What Ponder may have thought was happening to him during his

---

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
    (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
    (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

multiple court appearances over a period of several months cannot be accorded recognition in light of the official court records to the contrary. Thus, Ponder was not convicted of insurance fraud.

The next question is whether evidence of Ponder's entry into the DA diversion program is admissible. Volvo cites United States v. Hamilton, 48 F.3d 149 (5th Cir. 1995), for the proposition that Rule of Evidence 609 prohibits a witness from being questioned about a crime in which adjudication of the witness' guilt was deferred because deferred adjudication is not a "conviction." In Hamilton, the defendants were convicted of burglary of a post office, theft of credit cards and United States Treasury checks from the mail, counterfeiting of United States Treasury checks, and sale of counterfeited checks. See id. at 150. One of the defenses at trial was that the government's informant, Calvin Stout, entrapped the defendants into committing the crime. See id. at 151. When Stout testified at trial that the defendants committed the crimes without any urging from Stout, the defendants attempted to impeach him by questioning Stout about his criminal history. The district court allowed evidence of many of Stout's crimes, but prevented the defendants from introducing court records of Stout's deferred adjudication for felony theft because deferred adjudication is not a "conviction" under the meaning of Rule 609(b). See id. at 152. Thus, the relevant lesson from Hamilton is that evidence of a witness's crime in which adjudication of

4

guilt is deferred is not admissible under Rule 609(b).

KCS and Wagner are incorrect that the Fifth Circuit has subsequently limited its pronouncement in Hamilton that deferred adjudication is not a "conviction." Wagner cites a footnote from United States v. Landerman, 109 F.3d 1053, 1063 at n. 15 (5th Cir. 1997) in which the Fifth Circuit distinguishes Hamilton, but it does not distinguish the relevant portion of the case. The footnote discusses the portion of Hamilton in which the district court correctly excluded evidence of Stout's pending misdemeanor Driving While Intoxicated and theft charges–totally different crimes which involved a totally distinct set of issues. See id. (citing Hamilton, 48 F.3d at 154-55). The Hamilton defendants argued that evidence of the crimes was admissible under 404(b) to show bias (e.g. Stout was lying to gain favor with the prosecution), but the court reasoned that the risk of bias for misdemeanor charges was minimal. See Hamilton 48 F.3d at 154-55. The Fifth Circuit distinguished Hamilton in Landerman when it allowed evidence of pending felony charges to show bias under 404(b), because the risk that a witness will lie to gain favor in felony cases is much greater than in misdemeanor cases. See Landerman, 109 F.3d at 1063 at n. 15 Thus, Landerman did not discuss the relevant portion of Hamilton and the Fifth Circuit's ruling has no effect on its previous finding in Hamilton that deferred adjudication is

not a conviction.[2]

Although Ponder was not "convicted" within the meaning of Rule 609(a), KCS argues the evidence is nevertheless admissible under Rule 608(b), which provides that:

> Specific instances of conduct. Specific instances of conduct of a witness, for purposes of attacking or supporting the witness' credibility, other than conviction of crime as provided by 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative or truthfulness of untruthfulness, be inquired to on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined testified.

KCS argues that evidence of Ponder's charge with insurance fraud would undermine his credibility, and that his credibility is at issue because he is the sole defense witness who allegedly saw the red pickup truck cause the accident.

"It is error to attack a witness' general character for truthfulness by using extrinsic evidence of his conduct that has not resulted in conviction of a crime." United States v. Blake, 941 F.2d 334, 338 (5th Cir. 1991). The Fifth Circuit has held that evidence of specific conduct may be inquired into on cross-examination of a

---

[2] United States v. Alexius, 76 F.3d 642 (5th Cir. 1996), is equally unavailing to KCS and Wagner. Like Landerman, the court in Alexius only discussed Hamilton's limitation on evidence of pending misdemeanor charges; the opinion in Alexius does not contain a single word on the admissibility of evidence of deferred adjudication.

witness pursuant to Rule 608(b) only "if the evidence tends to test the truthfulness of testimony given on direct examination" as to a material issue of the case. United States v. Riggio, 70 F.3d 336, 339 (5th Cir. 1995); United States v. Opager, 589 F.2d 799, 805 (5th Cir. 1979).

In Riggio, the court allowed a defendant charged with arson to be cross-examined on four separate fires in which he was charged but not convicted where the defendant testified he had "never burned down anything" in his life. Riggio, 70 F.3d at 339. Thus, evidence of specific instances was probative because it directly rebutted the defendant's testimony that he did not commit arson. See id. Similarly, in Blake, the district court properly admitted evidence of the defendant's prior involvement with drugs to contradict his testimony in which he denied involvement in drug trafficking. See Blake, 941 F.2d at 338.

Here, it is clear that KCS wishes to use the evidence of Ponder's insurance fraud charges to attack Ponder's general character for truthfulness, rather than to test the truthfulness of his testimony given on direct examination (that he saw a red pickup truck). This evidence may show that Ponder has a general problem with telling the truth, but it does not test the truthfulness of Ponder's testimony as to a material issue–i.e. whether the red pickup truck ran him off the road. Therefore, the evidence is not admissible under Rule 608(b).

### III. CONCLUSION

The proponent of evidence bears the burden of establishing that the evidence is admissible under the Federal Rules of Evidence by a preponderance of the evidence. See <u>Bourjaily v. United States</u>, 483 U.S. 171, 175, 107 S.Ct. 2775 (1987). KCS and Wagner have not established by a preponderance either that Ponder was actually convicted of insurance fraud for purposes of Rule 609 or that the evidence is otherwise admissible under any other Rule of Evidence. Therefore, Volvo's motion <u>in limine</u> is **GRANTED** and KCS and Wagner are prohibited from introducing any evidence, referring to or arguing about the state criminal insurance fraud charges brought against Stephen Ponder or the facts underlying same.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 11th day of January, 2013.

JUDGE TOM STAGG